UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL ALLEN HUFF,<br><br>    Plaintiff,<br><br>        v.<br><br>LOTT, et al.,<br><br>    Defendants. | CAUSE NO. 3:21-CV-503-RLM-MGG |

OPINION AND ORDER

Michael Allen Huff, a prisoner without a lawyer, filed a complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Huff alleges he wasn't given a breakfast tray on February 21, 2021, because the correctional officers working on his range miscalculated. There was no call box in his cell, so Mr. Huff "had to yell for 2 ½ hours and set a small, controlled fire on the concrete floor to get a C.O.'s attention." ECF 7 at 3. Eventually, Correction Official Tremble responded, and Mr. Huff told him that he had not received his breakfast tray. C.O. Tremble responded that because he was a night shift worker, he

didn't have any breakfast trays to provide him. Mr. Huff expressed his displeasure and requested a grievance form.

About twenty minutes later, Correction Official-Sergeant Haskel, Correction Official Sanders and a "short white C.O. with a blondish/red-ish beard and kind of heavier"—we'll call him C.O. John Doe[1]—approached Mr. Huff's cell and ordered him to cuff up. *Id*. at 4. Once cuffed, they pulled him out of the cell, and Sgt. Haskel and C.O. Sanders began tossing his items around. Mr. Huff saw Sgt. Haskel holding a cup that had previously held water upside-down over his things. After a few more minutes of "destroying" his cell, they walked Mr. Huff down the back steps. *Id*. at 5. When they reached Correction Official-Lieutenant Lott's office, he was ordered to step inside.

Lt. Lott asked Mr. Huff why he had thrown liquid at the officers. Mr. Huff responded that he didn't know what he was talking about, so Lt. Lott summoned another officer (who is not named as a defendant) and asked him if Mr. Huff was "the one" who had done it. The officer and C.O. Tremble responded affirmatively. Lt. Lott asked Mr. Huff if he was "calling my girls liars," and Mr. Huff responded that they were definitely lying. *Id*. at 6. Lt. Lott then asked the other officer and C.O. Tremble

---

[1] In an unsigned filing docketed on October 18, 2021, Mr. Huff notes that the "John Doe's name is Sims." ECF 14 at 1. Mr. Huff can, and indeed should, take steps to amend his complaint to add the proper name of the C.O. John Doe before the limitations period expires. *See* Fed. R. Civ. P. 15(a), (c); *see also Herrera v. Cleveland*, 8 F.4th 493, 499 (7th Cir. 2021) (finding that amendments to name John Doe defendants made outside of the statute of limitations period do not relate back to the original complaint). However, to do so, he must comply with the court's Local Rules. Specifically, the Local Rules provide that parties seeking to amend a complaint must submit a copy of the proposed amended complaint in its entirety. N.D. Ind. L.R. 15-1. The Local Rules also prohibit parties from amending the complaint in a piecemeal fashion. *Id*. Litigants must reproduce the entire pleading as amended and must not incorporate another pleading by reference. *Id*.

to wait outside. Lt. Lott grabbed him by the hair while Correction Official-Sergeant Wolford and C.O. John Doe turned him towards the door. Lt. Lott "used [his] hair" to beat his face on the metal beams of the door. *Id*. Meanwhile, Sgt. Haskel hit him in the ribs on the back left side, and C.O. John Doe "used all of his weight to hold [him] up against the door with his right hand while trading shots at [his] ribs with his left hand with [Sgt.] Haskel." *Id*. at 7. Sgt. Wolford used his left boot to "pull/push [his] sweatpants down to [his] ankles, while using his right hand to him [him] in the right side of [his] ribs." *Id*. At the same time, C.O. Sanders repeatedly hit him in the stomach and front of the right side of his ribs. The beating went on for "a full minute" before Mr. Huff was escorted back to his cell. *Id*. Mr. Huff alleges he suffered bleeding, bruising, and swelling to his head and face, plus a headache that lasted for a few days and pain to his elbow and wrists.[2]

On March 7, 2021, C.O. John Doe and C.O. Sanders approached Mr. Huff's cell to perform a shakedown. Mr. Huff was again handcuffed, and the officers pushed him back into the cell. C.O. Sanders struck Mr. Huff in the face with a closed fist, and C.O. John Doe struck him in the stomach. Mr. Huff fell backwards onto the bed, which caused the handcuffs to tighten and cut into his wrists. The officers continued to beat him. When they were done, they threatened him, removed his handcuffs, and left. Mr. Huff alleges he suffered bleeding and bruising on his face, bruised ribs and back,

---

[2] Mr. Huff also alleges his mental health issues were affected by the beating and because Sgt. Haskel dumped water on his "American Curves" magazine. ECF 1 at 8.

3

pain to his right elbow and shoulder, and cuts and loss of feeling to his wrists. He also alleges that his property was damaged and that he suffered emotional harm.

Mr. Huff has sued Lt. Lott, Sgt. Haskel, C.O. Sanders, C.O. Tremble, Sgt. Wolford, and C.O. John Doe for punitive, compensatory and nominal damages. He also asks that criminal charges be filed against the officers.[3]

The "core requirement" of an excessive force claim under the Eighth Amendment is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.*

Mr. Huff alleges that Lt. Lott beat his face on a metal beam, while Sgt. Haskel, C.O. John Doe, Sgt. Wolford, and C.O. Sanders maliciously and sadistically punched, hit, and kicked him—while he was handcuffed—to cause him harm. Giving Mr. Huff the inferences to which he is entitled at this stage, he has stated plausible claims against Lt. Lott, Sgt. Haskel, C.O. John Doe, Sgt. Wolford, and C.O. Sanders in their individual capacities for using excessive force against him on February 21, 2021, in violation of the Eighth Amendment.

---

[3] In the body of his complaint, Mr. Huff says he would like to add claims against Ron Neal, the Warden of the Indiana State Prison (Warden Neal), Robert E. Carter, the Commissioner of the Indiana Department of Correction (Commissioner Carter), and Eric J. Holcomb, the Governor of Indiana (Governor Holcomb). However, he hasnt named them as defendants in the caption. That said, the injunctive relief issue will be addressed below.

4

Mr. Huff also alleges Lt. Lott ordered C.O. Tremble to wait outside the closed door during the incident and that he laughed about it when the door was reopened. "[O]fficers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. Miller v. Smith, 220 F.3d 491, 495 (7th Cir. 2000) (citing Yang v. Hardin, 37 F.3d 282, 285 (7th Cir. 1994). This is what has become known as a "failure to intervene" basis for a constitutional violation under the Eighth Amendment, a principle which this circuit has long recognized. Fillmore v. Page, 358 F.3d 496 506 (7th Cir. 2004); Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir. 1982). To prevail on such a claim, a plaintiff must establish that "the defendant[] had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." Santiago v. Walls, 599 F.3d 749, 756 (7th Cir. 2010) (citation omitted). Because he was ordered to wait outside, it can't be plausibly inferred C.O. Tremble knew the other officers were engaging in excessive force, that he had an opportunity to prevent it, or that he failed to intervene. That he allegedly laughed at the situation afterwards doesn't rise to the level of a constitutional violation. Thus, the claims against C.O. Tremble will be dismissed.

Additionally, Mr. Huff alleges that on another day, C.O. John Doe and C.O. Sanders entered his cell, handcuffed him, and struck him repeatedly with closed fists for several minutes, all while warning him never to tell anyone about the beatings. Once again, giving Mr. Huff the benefit of the inferences to which he is entitled at

5

this stage, he has stated plausible claims against C.O. John Doe and C.O. Sanders in their individual capacities for using excessive force against him on March 7, 2021, in violation of the Eighth Amendment.

Mr. Huff says he wants to add claims against Ron Neal, the Warden of the Indiana State Prison, Robert E. Carter, the Commissioner of the Indiana Department of Correction, and Eric J. Holcomb, the Governor of Indiana. As noted in footnote 2, he hasn't named them as defendants in the caption, so he hasn't stated any claims against them in their individual capacities. Even if he had named them in the caption, officials cannot be held liable simply because they hold supervisory positions at the prison. That is not a viable basis for imposing liability under 42 U.S.C. § 1983. J.K.J. v. Polk Cty., 960 F.3d 367, 377 (7th Cir. 2020). Liability under 42 U.S.C. § 1983 is based on personal responsibility, and supervisory defendants cannot be held liable for the misdeeds of other prison staff. Mitchell v. Kallas, 895 F.3d 492, 498 (7th Cir. 2018); Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009). Such staff can be held liable for deliberate indifference only when they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." Doe v. Purdue Univ., 928 F.3d 652, 664 (7th Cir. 2019). Although Mr. Huff claims the issue of staff assaulting inmates is a "nonstop occurrence" about which Warden Neal, Commissioner Carter, and Governor Holcomb are aware yet "refuse[] to do anything towards or about," he only cites to one unrelated incident. ECF 7 at 12. He claims Lt. Lott was "involved" in the killing of another inmate but continues to blame another officer for the death— yet, Mr. Huff admits Lt. Lott was reprimanded for his part in the incident. These

6

sparse allegations aren't enough to state a plausible claim for deliberate indifference against any of the supervisory defendants, so even if Mr. Huff had properly named them, they would be dismissed. *See* Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602 (7th Cir. 2009). ("A claim [only] has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Mr. Huff requests injunctive relief to "prevent these actions." ECF 7 at 12. He asks that "as many criminal charges as applicable" be filed against the defendants. Filing criminal charges against prison employees is outside of the scope of relief available in civil rights actions. To the extent Mr. Huff seeks injunctive relief to protect him from future attacks by the prison guards, he hasn't stated a plausible claim on which relief can be granted. The Eighth Amendment imposes a duty on prison officials[4] "to take reasonable measures to guarantee the safety of inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994). An inmate may seek injunctive relief to prevent a substantial risk of serious injury from ripening into actual harm. *Id*. at 845.

> [A] generalized risk of violence is not enough, for prisons are inherently dangerous places. Instead, [the plaintiff] must allege a tangible threat to his safety or well-being. Such a threat must reflect that he is subject to a substantial risk of future harm. A substantial risk of serious harm is one in which the risk is so great that it is almost certain to materialize if nothing is done. The conditions presenting the risk must be sure or very likely to cause . . . needless suffering, and give rise to sufficiently imminent dangers.

---

[4] In this case, Warden Neal has both the authority and the responsibility to ensure Mr. Huff is protected from violence. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

Wilson v. Ryker, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (internal citations, quotations, and brackets omitted).

Mr. Huff hasn't plausibly alleged he is in danger of being attacked again. He claims C.O. Sanders and C.O. John Doe asked another inmate to "spear" him through the bars on his way to the shower (ECF 7 at 12), but that inmate allegedly told Mr. Huff of the request rather than fulfill it, so that potential danger is now moot. Mr. Huff hasn't identified any other specific threats, nor has he alleged he told prison officials of the "spear" threat or of any others. His general declaration that officials are aware of a problem with staff allegedly assaulting inmates is insufficient to state a plausible claim because he hasn't sufficiently alleged he is at substantial risk of future harm. *See* Wilson v. Ryker, 451 Fed. Appx. at 589; *see also* Bissessur v. Indiana Univ. Bd. of Trs, 581 F.3d at 602.

Finally, Mr. Huff sent the court a letter, which the court construes as a request for preliminary injunctive relief. ECF 15. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). On the first prong, "the applicant need not show that [he] definitely will win the case." Illinois Republican Party v.

Pritzker, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." Id. at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." Id. at 763 (quotation marks omitted). As to the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. at 22.

Mandatory preliminary injunctions – "those requiring an affirmative act by the defendant"– are "cautiously viewed and sparingly issued." Mays v. Dart, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted). In the prison context, the court's ability to grant injunctive relief is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." Westefer v. Neal, 682 F.3d 679, 681 (7th Cir. 2012) (citations and internal quotation marks omitted).

In his letter, Mr. Huff alleges he is being harassed by Warden Neal and the prison staff. Specifically, he alleges his calls have been "administratively dropped," he has been refused recreation and showers, his legal mail and tablet are being held, and his property is being damaged. These allegations go well beyond the scope of this lawsuit—and the court hasn't granted Mr. Huff leave to proceed on any injunctive

9

relief claims—so there is no chance he will succeed on the merits. This request will be denied.

For these reasons, the court:

(1) GRANTS Michael Allen Huff leave to proceed against Correction Official-Lieutenant Lott, Correction Official-Sergeant Haskel, Correction Official ("The Short White C.O.") John Doe, Correction Official-Sergeant Wolford, and Correction Official Sanders in their individual capacities for compensatory and punitive damages for using excessive force against him on February 21, 2021, in violation of the Eighth Amendment;

(2) GRANTS Michael Allen Huff leave to proceed against Correction Official ("The Short White C.O.") John Doe and Correction Official Sanders in their individual capacities for compensatory and punitive damages for using excessive force against him on March 7, 2021, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Correction Official Tremble;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Correction Official-Lieutenant Lott, Correction Official-Sergeant Haskel, Correction Official ("The Short White C.O.") John Doe, Correction Official-Sergeant Wolford, and Correction Official Sanders at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 7), under 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information;

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Correction Official-Lieutenant Lott, Correction Official-Sergeant Haskel, Correction Official ("The Short White C.O.") John Doe, Correction Official-Sergeant Wolford, and Correction Official Sanders to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order; and

(7) DENIES the request for preliminary injunctive relief contained in the letter (ECF 15).

SO ORDERED on November 17, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT