UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL ALLEN HUFF,

   Plaintiff,

  v.                CAUSE NO. 3:21-CV-503-RLM-MGG

LT. LOTT, et al.,

   Defendants.

OPINION AND ORDER

  Michael Allen Huff, a prisoner without a lawyer, is proceeding in this case on two Eighth Amendment claims. First, he proceeds "against Correction Official-Lieutenant Lott, Correction Official-Sergeant Haskel, Correction Official Anthony Sims, Correction Official-Sergeant Wolford, and Correction Official Sanders in their individual capacities for compensatory and punitive damages for using excessive force against him on February 21, 2021[.]" ECF 32 at 8. Second, he proceeds "against Correction Official Anthony Sims and Correction Official Sanders in their individual capacities for compensatory and punitive damages for using excessive force against him on March 7, 2021[.]" *Id.* The defendants moved for summary judgment, arguing Mr. Huff didn't exhaust his administrative remedies before filing suit. Mr. Huff filed a response. The defendants haven't filed a reply, and the time for doing so has expired. The summary judgment motion is now ripe for ruling.

  Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal

Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion can't rely merely on allegations or denials in its own pleading, but rather must "present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015).

Courts take a "strict compliance approach to exhaustion," Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006), so "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." Pozo v. McCaughtry, 286 F.3d 1022, 1023 (7th

Cir. 2002). Inmates are only required to exhaust administrative remedies that are "available." Woodford v. Ngo, 548 U.S. 81, 102 (2006). If prison staff hinder an inmate's ability to use the administrative process, administrative remedies aren't considered "available." Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). For instance, an administrative procedure is unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross v. Blake, 578 U.S. 632, 644 (2016). The question is whether a person of "ordinary firmness" would have been deterred from exhausting under the circumstances. Schultz v. Pugh, 728 F.3d 619, 621 (7th Cir. 2013).

The defendants contend that Mr. Huff didn't timely file any formal grievance related to the defendants' alleged use of excessive force. Mr. Huff concedes in his response that he never timely filed any grievance. Instead, he argues that prison administrators made his administrative remedies unavailable by engaging in affirmative misconduct to prevent him from exhausting. Mr. Huff asserts that prison administrators: (1) threatened to have him murdered if he reported the excessive force incidents; (2) assaulted and threatened him when he tried to report the incidents to a counselor; and (3) tried to induce other inmates to murder him by offering them cell phones and immunity from consequence. Because the defendants don't reply to these assertions, the court accepts them as undisputed. Because Mr. Huff has provided undisputed evidence that prison administrators engaged in affirmative misconduct that would have prevented a person of "ordinary firmness"

from exhausting his administrative remedies, Mr. Huff has shown his administrative remedies were unavailable. The defendants haven't met their burden to show Mr. Huff had available administrative remedies he didn't exhaust.

For these reasons, the court DENIES the defendant's motion for summary judgment (ECF 47).

SO ORDERED on January 17, 2023.

s/ Robert L. Miller, Jr.<br>
JUDGE<br>
UNITED STATES DISTRICT COURT