UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL ALLEN HUFF,

    Plaintiff,

    v.      CAUSE NO. 3:21-CV-503-RLM-MGG

LOTT, et al.,

    Defendants.

## OPINION AND ORDER

Michael Allen Huff, a prisoner without a lawyer, sent the court a letter stating that he "made a claim of unlawful retaliation against Sanders and Sims in addition to the unlawful use of force on March 7, 2021." ECF 68. He requests leave to proceed against them on these claims. He also filed a "Request" stating, in full:

> I, the plaintiff, Michael Allen Huff, recently wrote a letter about additional constitutional violations contained in the complaint that weren't acknowledged. Another violation that wasn't acknowledged was the deprivation of medical aid and mental health treatment due to the fact that I was not allowed to report the incidents, both on February 21, 2021, and March 7, 2021.

ECF 76.

Mr. Huff filed his amended complaint on January 24, 2022. ECF 28. The court screened it on February 7, 2022, and granted him leave to proceed against Correction Official-Lieutenant Lott, Correction Official-Sergeant Haskel, Correction Official Anthony Sims, Correction Official-Sergeant Wolford, and Correction Official Sanders in their individual capacities for compensatory and punitive damages for using excessive force against him on February 21, 2021, in violation of the Eighth

Amendment, and also granted him leave to proceed against Correction Official Anthony Sims and Correction Official Sanders in their individual capacities for compensatory and punitive damages for using excessive force against him on March 7, 2021, in violation of the Eighth Amendment. ECF 32. Now, almost a year after that screening order was issued, Mr. Huff appears to take issue with the court's findings.

To the extent Mr. Huff is seeking to amend his complaint at this stage of the proceedings, he may only do so with the defendants' written consent or the court's leave. *See* Fed. R. Civ. P. 15(a)(2). He must also comply with both the Federal and Local Rules. He can't amend his complaint in a piecemeal fashion – a claim in this paper, another claim in that -- because an amended complaint will supersede all earlier pleadings and control the case from that point forward. *French v. Wachovia Bank*, 574 F.3d 830, 835 (7th Cir. 2009). The Local Rules of this District require that an amended pleading "reproduce the entire pleading as amended," rather than simply incorporating a prior pleading by reference. N.D. Ind. L.R. 15-1. Moreover, the proposed amended complaint must be on the proper form. *See* N.D. Ind. L.R. 7-6. Neither of Mr. Huff's recent filings comport with these rules, so to the extent his letters can be construed as motions to amend, they will be denied.

Mr. Huff may also be trying to seek reconsideration of the court's screening order. District judges have the discretionary authority to reconsider interlocutory orders any time before final judgment. *See* Mintz v. Caterpillar Inc., 788 F.3d 673, 679 (7th Cir. 2015) (noting that Rule 60(b) applies only to a "*final* judgment, order, or proceeding," but it doesn't limit a judge's authority to reconsider an interlocutory

order at any time before judgment) (emphasis original to *Mintz*). "The authority of a district judge to reconsider a previous ruling in the same litigation . . . is governed by the doctrine of the law of the case, which authorizes such reconsideration if there is a compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous." Santamarina v. Sears, Roebuck & Co., 466 F.3d 570, 571–72 (7th Cir. 2006) (citations omitted). Reconsideration of an interlocutory order "is a matter of a district court's inherent power" and is "committed to a court's sound discretion." Cima v. Wellpoint Health Networks, Inc., 250 F.R.D. 374, 386 (S.D. Ill. 2008) (citations omitted). They "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Publishers Res., Inc. v. Walker–Davis Publ'ns, Inc., 762 F.2d 557, 561 (7th Cir. 1985) (citation omitted); *see also* Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990) (Granting a motion to reconsider is proper when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.") (citation omitted). These types of interlocutory motions are generally discouraged because

> a district court's rulings are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure, and ill-founded requests for reconsideration of matters previously decided . . . needlessly take the court's attention from current matters and visit inequity upon

3

> opponents who, prevailing in an earlier proceeding, must nevertheless defend their position again and again.

Cima v. Wellpoint, 250 F.R.D. at 386 (internal quotation marks and citation omitted).

Mr. Huff argues that his amended complaint contains a claim of unlawful retaliation against Officer Sanders and Officer Sims. Under the First Amendment, an inmate can't be punished for engaging in certain kinds of speech. "To establish a prima facie case of unlawful retaliation, a plaintiff must show (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." Douglas v. Reeves, 964 F.3d 643, 646 (7th Cir. 2020) (internal quotation marks and citation omitted).

As already noted, Mr. Huff was granted leave to proceed against various officers, including Officer Sanders and Officer Sims, for subjecting him to excessive force on February 21, 2021, and against Officer Sanders and Officer Sims for subjecting him to excessive force again on March 7, 2021. Mr. Huff's amended complaint provides detailed accounts of those incidents. It doesn't allege enough to suggest Mr. Huff engaged in an activity protected by the First Amendment prior to either incident. In fact, Mr. Huff alleges that after the February 21st beating, a counselor asked him what had happened to his face, and he replied that he "didn't want anything said." ECF 28 at 9. Although he claims Officer Sanders stated, "What'd we tell you about if you said something," while he was allegedly beating Mr. Huff on March 7th, these allegations are insufficient to state a First Amendment retaliation

4

claim. *See* Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602 (7th Cir. 2009) (claim must be plausible on its face and complaint must provide adequate factual content).

Even if Mr. Huff's vague comments to the counselor could be construed as protected activity, he wouldn't be allowed to proceed on a First Amendment retaliation claim. The alleged act of retaliation by Officer Sanders and Officer Sims—showing up at his cell and beating him on March 7th—is the same act underlying the Eighth Amendment claims against them for which he was allowed to proceed. Proceeding on different constitutional theories based on the same facts is redundant. *See* Hambright v. Kemper, 705 F. App'x 461, 462 (7th Cir. 2017) (affirming dismissal of Eighth Amendment claim because the same facts comprised a more applicable First Amendment claim); Conyers v. Abitz, 416 F.3d 580, 586 (7th Cir. 2005) (dismissing additional claims based on same circumstances because the claim "gains nothing by attracting additional constitutional labels"); and Graham v. Connor, 490 U.S. 386, 395 (1989) (analyzing allegations under the most "explicit textual source of constitutional protection"). The more explicit constitutional provision is the Eighth Amendment. Mr. Huff would gain nothing by proceeding on duplicate retaliation claims. Therefore, the court stands by its ruling dismissing any possible First Amendment claims at screening[1] and denies the request to reconsider.

In his "Request" (ECF 76), Mr. Huff also argues that the court didn't acknowledge his claims for deprivation of medical care and mental health treatment.

---

[1] *See* ECF 32 at 8 ("DISMISSES all other claims").

5

Under the Constitution, inmates are entitled to constitutionally adequate medical care. *See* Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability for claims of inadequate medical care under the Eighth Amendment, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, "conduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005).

Mr. Huff's amended complaint doesn't contain any plausible Eighth Amendment medical care claims. He describes the alleged incidents of excessive force and his injuries in detail, but he doesn't plausibly allege that any of the defendants acted with deliberate indifference to his medical needs. At most, he makes passing reference to such claims by stating he has post-traumatic stress disorder which began at the age of eleven and that the "facility has REFUSED me mental health treatment for about 2 years," (ECF 28 at 8), but this is insufficient. *See* Bissessur v. Trustees, 581 F.3d at 602; *see also Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011)

6

(noting that a plaintiff "must plead some facts that suggest a right to relief that is beyond the speculative level") (internal quotation marks and citation omitted); Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010) ("[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law.") (emphasis in original). Therefore, the court stands by its ruling dismissing any possible Eighth Amendment medical care claims at screening and denies the request to reconsider.

Finally, the court notes that many of Mr. Huff's filings that seek relief within them are drafted as letters or requests rather than motions. This is improper. Going forward, if Mr. Huff is seeking specific relief from the court, he should file a motion—with a caption like the one at the top of the page and a title including the word "motion" in it—that clearly indicates what relief he is seeking and comports with the Local Rules. *See* N.D. Ind. L.R. 7-1.

For these reasons, the court:

(1) CONSTRUES the letters (ECF 68 & ECF 76) as motions for leave to amend and, alternatively, as motions for reconsideration of the court's screening order (ECF 32); and

(2) DENIES the motions (ECF 68 & ECF 76) in their entirety.

SO ORDERED on March 29, 2023

                                              s/ Robert L. Miller, Jr.
                                              JUDGE
                                              UNITED STATES DISTRICT COURT