UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL ALLEN HUFF,

    Plaintiff,

        v.                               CAUSE NO. 3:21-CV-503-RLM-MGG

LOTT, et al.,

    Defendants.

### ORDER

Michael Allen Huff, a prisoner without a lawyer, filed a motion requesting free copies of twenty-one documents in this case. ECF 75. He claims officials at the prison have stolen "almost all" of his legal documents and that he needs copies of them to prepare his discovery. *Id.* at 1. However, Huff doesn't explain what discovery he intends to conduct and why the specific materials he has requested are relevant to that discovery. Without such an explanation, it is not clear how many of the requested documents could possibly be relevant at this stage of the litigation.

For example, Huff requests previous versions of his complaint (ECF 1 & ECF 7), but he is currently proceeding only on the operative amended complaint found at ECF 28.[1] He requests a copy of a letter regarding reconsideration of the court's in forma pauperis deficiency order (ECF 6), but he was later granted leave to proceed in forma pauperis after he submitted the required ledgers, so that issue is moot. *See* ECF 12. He

---

[1] In the interests of justice, the court will send him a copy of that amended complaint and the order screening it. ECF 28 & ECF 32.

requests a copy of a letter purportedly adding to a witness's credibility by informing the court he is a "9 year veteran of the United States Navy" (ECF 9), but this information is already on the docket. He requests a copy of a letter requesting copies of the entire docket (ECF 10), but he was sent a docket sheet and a complaint packet that same day. *See id.* He requests a copy of another letter describing his concerns with the court's previous deficiency order (ECF 11), but, as noted above, he was eventually granted leave to proceed in forma pauperis so the issue is moot. *See* ECF 12.[2] He requests a copy of a letter providing to the court the name of John Doe and attempting to add various official capacity defendants,[3] but piecemeal amendments are impermissible, and Huff has already filed a complete amended complaint as directed (*see* ECF 23) at ECF 28. Huff requests a copy of letter asking for copies of various documents including his original complaint (ECF 27), but he did not explain, in detail, why he needed those documents. He requests copies of various documents related to the defendants' exhaustion summary judgment motion (ECF 52, 53, 54, 56, 58,[4] 65), but that motion was denied in Huff's favor, and it is unclear why the matter of exhaustion would pertain to any current discovery issues. He requests a copy of another letter asking for copies of his entire case file (ECF 55), but that request was denied because he did not explain why

---

[2] The letter also appears to describe what Huff believes to be various state law charges, but piecemeal amendments are improper, and Huff has already filed a complete amended complaint at ECF 28.

[3] He also included exhibits such as a witness statement, inventory lists, and a request for interview. He filed additional witness statements at ECF 19.

[4] ECF 58 is a motion for sanctions for alleged perjury by the defendants related to the exhaustion summary judgment issue, but that motion was considered and denied. *See* ECF 60.

2

he needed them and because the fully briefed[5] exhaustion summary judgment motion was the only issue pending at the time. In that order, the court noted that:

> [i]f Huff needs copies of specific documents for a specific reason, he may file a motion indicating which documents he needs and why. Otherwise, his request for free copies will be denied. Or, if he wishes, he can obtain copies by contacting the clerk to determine the number of pages in his file and paying the usual copying fee of $.50 per page.

ECF 57 at 1–2. He asks for a copy of the scheduling order (ECF 66), but it is unclear why Huff needs this document for discovery purposes as he was recently sent a copy of the docket sheet that contains all of the relevant scheduling dates.[6] *See* ECF 69. Moreover, Huff's instant motion references the discovery initiation deadline of April 10, 2023, so it is clear he is aware of those dates. *See* ECF 75 at 1. Finally, Huff requests a copy of a letter he sent to the court stating his amended complaint contains a claim of "unlawful retaliation against Sanders and Sims in addition to unlawful use of force on March 7, 2021" (ECF 68), but, as Huff states in a "Request" recently sent to the court (ECF 76), he is aware of that letter's contents, so it is unclear why he needs a copy of it. Overall, he has not explained why any of these documents are needed to "prepare [his] discovery." ECF 75 at 1.

As a general rule, prisoners are not entitled to free copies from the court of their own filings or of the defendants' filings, nor are they entitled to other public subsidy of

---

[5] Huff filed his responses (ECFs 52, 53, 54) to the defendants' motion on June 26, 2022, and he did not indicate he was missing or needed additional information in any of them.

[6] The deadline for joining parties and amending pleadings is 02/09/2023; the deadline for initiating discovery is 04/10/2023; the deadline for completing discovery is 05/10/2023; the deadline for filing dispositive motions is 06/09/2023. *See* ECF 66.

the costs of litigating a case, even when proceeding *in forma pauperis*.[7] *See Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003) (indigent pro se prisoner had no "constitutional entitlement to subsidy . . . to prosecute a civil suit"); *Lucien v. DeTella*, 141 F.3d 773, 774 (7th Cir. 1998) ("All § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs[.]" (emphasis in original)). Given the fact that Huff has not adequately explained why additional copies of any of the documents he has requested are relevant and necessary to the current proceedings, he will not be given them free of charge. As previously advised and as noted above, if Huff still wishes to obtain the documents, he may write the clerk a letter requesting the costs for the specific documents he seeks.

Huff's motion also contains a request for a "subpoena for all camera footage" related to the use of force on February 21, 2021, and March 7, 2021. ECF 75 at 2. He admits he has not followed proper discovery procedures in seeking this information because he believes the defendants will "try to say they don't have it" or deny turning it over for "security reasons." *Id*. The court will not issue a subpoena when Huff has failed to even attempt to obtain the material by first filing a Request for Production of Documents on the defendants pursuant to Federal Rule of Civil Procedure 34.

For these reasons, the clerk is DIRECTED to send Michael Allen Huff an updated copy of the docket sheet, a copy of the controlling amended complaint (ECF 28), and a

---

[7] That said, for documents that originate from the court such as orders, prisoners are entitled to one full copy as a matter of course upon its filing; however, any additional copies must either be paid for by the inmate, or he must provide a valid reason why the additional copies should be provided free of charge.

copy of the court's screening order (ECF 32). Any other requests in the motion (ECF 75) are DENIED.

SO ORDERED on March 28, 2023

s/ Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge
