UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL ALLEN HUFF,

    Plaintiff,

    v.    CAUSE NO.: 3:21-CV-503-TLS

LOTT, HASKEL, SANDERS, WOLFORD, and SIMS,

    Defendants.

**OPINION AND ORDER**

This matter is before the Court on the Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) [ECF No. 98], filed on December 18, 2023. In the Motion, the Defendants argue that this case should be dismissed for lack of prosecution by the Plaintiff. The Plaintiff has not responded, and the deadline to do so has passed. For the reasons stated below, the Court takes the motion under advisement and orders the Plaintiff to respond to the Defendants' Motion on or before January 31 2024.

**PROCEDURAL HISTORY**

The Plaintiff filed his pro se Complaint, unsigned, on July 12, 2021, while in the custody of Indiana State Prison. ECF No. 1. The Plaintiff filed an Amended Complaint [ECF No. 7], with his signature included, on August 12, 2021, and the Defendants filed an Answer [ECF No. 24] on January 14, 2022. The Plaintiff filed a Second Amended Complaint [ECF No. 28] on January 24, 2022, and the Defendants filed an Answer [ECF No. 40] to the Second Amended Complaint on April 8, 2022. The Plaintiff later requested leave to make further amendments, ECF Nos. 68, 76, but the Court denied the Plaintiff's requests, ECF No. 77.

On April 22, 2022, the Plaintiff notified the Court of his transfer from Indiana State Prison to the Miami Correctional Facility. ECF No. 42. On April 25, 2022, the Court attempted to send the Plaintiff mail at the Miami Correctional Facility, but the mail was returned as undeliverable with the note, "Not @ MCF." ECF No. 43.

On June 6, 2022, the Defendants filed a Motion for Summary Judgment. ECF Nos. 47–49. The Plaintiff responded on July 14, 2022. ECF Nos. 52–54. The Court denied the Motion for Summary Judgment on January 17, 2023. ECF No. 65.

On February 20, 2023, the Defendants sent the Plaintiff a request for production of documents [ECF No. 71] in accordance with Federal Rule of Civil Procedure 34 and a set of interrogatories [ECF No. 72] in accordance with Rule 33. The Plaintiff had 30 days to respond. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). On March 24, 2023, the Plaintiff filed a motion requesting certain documents from the Court, ECF No. 75, and on March 28, 2023, the Court sent the Plaintiff an updated copy of the docket sheet, a copy of the controlling Amended Complaint, and a copy of the Court's screening order, ECF No. 78.

Meanwhile, the Plaintiff had not responded to the Defendants' discovery requests, and on April 13, 2023, the Defendants filed a Motion to Compel Plaintiff's Discovery Responses. ECF No. 79. The Court granted the Motion to Compel and ordered the Plaintiff to respond by April 28, 2023. ECF No. 80. The Plaintiff did not respond by the deadline.

The Defendants filed a Second Motion to Compel on May 3, 2023. ECF No. 82. On May 10, 2023, the Defendants took the Plaintiff's deposition. ECF No. 84. On May 11, 2023, the Court granted the Second Motion to Compel and ordered the Plaintiff to respond to the Defendants' discovery requests by May 17, 2023. ECF No. 83. The Court cautioned that, should the Plaintiff fail to respond, he may be sanctioned up to and including dismissal of this action. *Id.*

The Plaintiff did not respond to the Defendants' discovery requests and orders from this Court, but he did send letters to the Court on May 26, June 5, and June 12, 2023. ECF Nos. 86, 89, 90. The Court construed the Plaintiff's June 12, 2023 letter as a request to extend the discovery deadline and denied it because the Plaintiff failed to show good cause or excusable neglect. ECF No. 91. The discovery period closed on June 14, 2023. *See* ECF No. 83.

Following the close of discovery, the case was reassigned to Judge Theresa L. Springmann for all further proceedings. ECF No. 93. The order reassigning the case was sent to the Plaintiff at the Miami Correctional Facility but returned as undeliverable with a handwritten note that said, "parole." ECF Nos. 95, 96. The Court set a Telephonic Status Conference for October 17, 2023. ECF No. 94. The Plaintiff failed to call in to the conference, and the Court gave the Plaintiff 60 days to notify the Court of his new address. ECF No. 97.

On December 18, 2023, the Defendants filed the instant Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b), arguing that the action should be dismissed because the Plaintiff has failed to take action for over six months, and the Plaintiff has failed to provide the Court with his updated address. ECF No. 98. The Defendants certified that they mailed the Motion to the Plaintiff at the Miami Correctional Facility.

On the same day the Defendants filed their Motion to Dismiss, the Plaintiff notified the Court of his change of address from Miami Correctional Facility to 5855 N. 575 W., Winamac, IN 46996. ECF No. 99. The deadline for the Plaintiff to respond to the Defendants' Motion to Dismiss was January 8, 2024, *see* N.D. Ind. L.R. 7-1(d)(2), and the Plaintiff did not respond.

## ANALYSIS

The Defendants move to dismiss the Plaintiff's Complaint for failure to prosecute under Federal Rule of Civil Procedure 41(b). Rule 41(b) provides that a defendant may move to

3

dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *see also Ball v. City of Chicago*, 2 F.3d 752, 753, 758–60 (7th Cir. 1993). "The sanction of dismissal is the most severe sanction that a court may apply, and its use must be tempered by a *careful* exercise of judicial discretion." *McMahan v. Deutsche Bank AG*, 892 F.3d 926, 931 (7th Cir. 2018) (quoting *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)). The Seventh Circuit Court of Appeals has directed district courts to consider the following factors when considering a Rule 41(b) motion:

> [T]he frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel, the effect of those failures on the judge's calendar and time, the prejudice if any to the defendant caused by the plaintiff's dilatory conduct, the probable merits of the suit, and the consequences of dismissal for the social objectives of the type of litigation that the suit represents.

*Id.* at 931–32 (quoting *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003)).

The Plaintiff has failed to respond to the Defendants' initial discovery requests, the Defendants' first motion to compel and subsequent Court order granting the motion, and the Defendants' second motion to compel and subsequent Court order granting the motion. The Plaintiff was on notice of these requests and orders: the Court sent the Plaintiff an updated copy of the docket following the Defendants' initial discovery requests, and the Defendants deposed the Plaintiff after the Defendants' initial discovery requests, two motions to compel, and the first Court order directing the Plaintiff to respond. Following the Court's second order directing the Plaintiff to respond, the Court cautioned the Plaintiff that should he fail to respond, he may be sanctioned up to and including dismissal of this action. While the Plaintiff failed to respond to the Defendants' requests and orders of this Court, the Plaintiff continued to file his own letters and requests with the Court.

Further, when the Plaintiff was released from the Miami Correctional Facility, he failed to notify the Court of his new address. As courts routinely observe, "[t]he demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit." *Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006) (quotation marks and citation omitted). "[L]itigants, including prisoners, bear the burden of filing notice of a change of address . . . ." *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) (quotation marks and citation omitted). The Plaintiff did not notify the Court of his new address until after he failed to call in to the Telephonic Status Conference held on October 17, 2023, and the Court gave him 60 days to notify the Court of his new address.

Finally, the Plaintiff did not respond to the instant Motion to Dismiss, which the Defendants filed on December 18, 2023. Prior to the Plaintiff's notice of change of address filed on December 18, 2023, his last filing with the Court was on June 14, 2023.

The Plaintiff's "failure to participate in discovery prejudices the Defendants and their efforts to file dispositive motions or prepare for trial." *Dove v. Quality Corr. Care*, No. 1:17-CV-334, 2018 WL 4362054, *2 (N.D. Ind. Sept. 12, 2018); *see Massey v. Alberson*, No. 1:16-CV-136, 2019 WL 176821, *2 (N.D. Ind. Jan. 11, 2019) ("The Plaintiff has failed to act . . . and his cumulative failures impact the Court's calendar and prejudice other litigants."). Further, the Court's May 11, 2023 order cautioning the Plaintiff that his failure to respond may result in dismissal of his case, in addition to the instant Motion to Dismiss, serve as a "warning" to the Plaintiff that his case may be dismissed for failure to prosecute. *See Shaffer v. Lashbrook*, 962 F.3d 313, 316 (7th Cir. 2020) ("[A]lthough district courts must warn litigants before dismissing a case *sua sponte*, they need not do so when, as here, the court is ruling on a motion filed by the opposing party. The motion itself is a warning." (citation omitted)).

Although dismissal may be warranted, it is not clear that the Plaintiff received the instant Motion to Dismiss. The reassignment order sent to the Plaintiff at the Miami Correctional Facility was returned as undeliverable on September 25, 2023, with a note suggesting the Plaintiff had been released on parole. The Defendants certified that they sent the instant Motion to the Plaintiff at the Miami Correctional Facility, prior to the Plaintiff's notice of change of address. Accordingly, the Court will take the Defendants' Motion to Dismiss under advisement. If the Plaintiff wishes to proceed with this action, he must respond to the Defendants' Motion on or before January 31, 2024. The Court will deem any failure to respond by the Plaintiff as an abandonment of his action, which will result in dismissal of this action with prejudice and without further notice.

## CONCLUSION

For the foregoing reasons, the Court TAKES UNDER ADVISEMENT the Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) [ECF No. 98]. The Court ORDERS the Plaintiff to respond to the Defendants' Motion to Dismiss on or before January 31, 2024. Failure by the Plaintiff to respond to the pending Motion on or before January 31, 2024, will result in the Court deeming this action abandoned by the Plaintiff, and the Court will dismiss this action with prejudice and without further notice. The Court DIRECTS the Clerk of Court to send a copy of the Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) [ECF No. 98] and a copy of this Opinion and Order to the Plaintiff at his address of record by both first class and certified mail, return receipt requested.

SO ORDERED on January 10, 2024.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT