UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL ALLEN HUFF,<br><br>  Plaintiff,<br><br>    v.<br><br>LOTT, HASKEL, SANDERS, WOLFORD, and SIMS,<br><br>  Defendants. | CAUSE NO.: 3:21-CV-503-TLS |

**OPINION AND ORDER**

  This matter is before the Court on the Defendants' Motion to Dismiss [ECF No 98] and Renewed Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) [ECF No. 101], which are both ripe for ruling. For the reasons discussed below, the Court GRANTS these motions.

**BACKGROUND**

  The Plaintiff filed his pro se Complaint, unsigned, on July 12, 2021, while in the custody of Indiana State Prison. ECF No. 1. The Plaintiff filed an Amended Complaint [ECF No. 7], with his signature included, on August 12, 2021, and the Defendants filed an Answer [ECF No. 24] on January 14, 2022. The Plaintiff filed a Second Amended Complaint [ECF No. 28] on January 24, 2022, and the Defendants filed an Answer [ECF No. 40] to the Second Amended Complaint on April 8, 2022. The Plaintiff later requested leave to make further amendments, ECF Nos. 68, 76, but the Court denied the Plaintiff's requests, ECF No. 77.

  On April 22, 2022, the Plaintiff notified the Court of his transfer from Indiana State Prison to the Miami Correctional Facility. ECF No. 42. On April 25, 2022, the Court attempted

to send the Plaintiff mail at the Miami Correctional Facility, but the mail was returned as undeliverable with the note, "Not @ MCF." ECF No. 43.[1]

On June 6, 2022, the Defendants filed a Motion for Summary Judgment. ECF No. 47. The Plaintiff responded on July 14, 2022. ECF Nos. 52–54. The Court denied the Motion for Summary Judgment on January 17, 2023. ECF No. 65.

On February 20, 2023, the Defendants sent the Plaintiff a request for production of documents [ECF No. 71] in accordance with Federal Rule of Civil Procedure 34 and a set of interrogatories [ECF No. 72] in accordance with Rule 33. The Plaintiff had 30 days to respond. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). On March 24, 2023, the Plaintiff filed a motion requesting certain documents from the Court, ECF No. 75, and on March 28, 2023, the Court sent the Plaintiff an updated copy of the docket sheet, a copy of the controlling Amended Complaint, and a copy of the Court's screening order, ECF No. 78.

Meanwhile, the Plaintiff had not responded to the Defendants' discovery requests, and on April 13, 2023, the Defendants filed a Motion to Compel Plaintiff's Discovery Responses. ECF No. 79. The Court granted the Motion to Compel and ordered the Plaintiff to respond by April 28, 2023. ECF No. 80. The Plaintiff did not respond by the deadline.

The Defendants filed a Second Motion to Compel on May 3, 2023. ECF No. 82. On May 10, 2023, the Defendants took the Plaintiff's deposition. ECF No. 84. On May 11, 2023, the Court granted the Second Motion to Compel and ordered the Plaintiff to respond to the Defendants' discovery requests by May 17, 2023. ECF No. 83. The Court cautioned that, should the Plaintiff fail to respond, he may be sanctioned up to and including dismissal of this action. *Id.*

---

[1] The Court finds that "MCF" is an abbreviation for the Miami Correctional Facility. *See* ECF No. 42.

The Plaintiff did not respond to the Defendants' discovery requests and orders from this Court, but he did send letters to the Court on May 26, June 5, and June 12, 2023. ECF Nos. 86, 89, 90. The Court construed the Plaintiff's June 12, 2023 letter as a request to extend the discovery deadline and denied it because the Plaintiff failed to show good cause or excusable neglect. ECF No. 91. The discovery period closed on June 14, 2023. *See* ECF No. 83.

Following the close of discovery, the case was reassigned to Judge Theresa L. Springmann for all further proceedings. ECF No. 93. The order reassigning the case was sent to the Plaintiff at the Miami Correctional Facility, but it was returned as undeliverable with a handwritten note that said, "released." ECF No. 95. The Court set a Telephonic Status Conference for October 17, 2023, and a copy of the order was mailed to the Plaintiff. ECF No. 94. This order was returned as undeliverable with a handwritten note that said, "Parole." ECF No. 96. The note also stated that the Plaintiff was "Not @ MCF." *Id.* The Plaintiff failed to call in to the conference, and the Court gave the Plaintiff 60 days to notify the Court of his new address. ECF No. 97.

On December 18, 2023, the Defendants filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b), arguing that the action should be dismissed because the Plaintiff has failed to take action for over six months, and the Plaintiff has failed to provide the Court with his updated address. ECF No. 98. The Defendants certified that they mailed the Motion to the Plaintiff at the Miami Correctional Facility.

On the same day the Defendants filed their Motion to Dismiss, the Plaintiff notified the Court of his change of address from Miami Correctional Facility to 5855 N. 575 W., Winamac, IN 46996. ECF No. 99.

On January 10, 2024, the Court took the Motion to Dismiss [ECF No. 98] under advisement. *See* Op. & Order, ECF No. 100. The Court ordered the Plaintiff to respond to the

3

motion by January 31, 2024. *Id.* at 6. The Court directed the Clerk of Court to send a copy of the motion and the order to the Plaintiff at his new address of record by both first class and certified mail, with return receipt requested. *Id.* The Court warned the Plaintiff that failure to respond to the pending motion to dismiss by the new deadline would result in the Court deeming the action abandoned. *Id.* The Court further advised that the matter could be dismissed without further warning. *Id.*

On February 14, 2024, the Defendants filed a Renewed Motion to Dismiss for Lack of Prosecution [ECF No. 101]. Defense counsel certified that a copy of the motion was mailed by the United States Postal Service, first-class postage prepaid, to the Plaintiff at his new address. *Id.* at 3. The Plaintiff did not respond, and the deadline for him to do so has passed. *See* N.D. Ind. Local Rule 7-1(d)(3)(A).

On February 16, 2024, the Clerk of Court's mailing to the Plaintiff's new address was returned as unclaimed and unable to forward. ECF No. 102. The Plaintiff has not notified this Court of a new address or otherwise responded to the pending motions.

**ANALYSIS**

The Defendants seek dismissal of the Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with court orders and for failure to prosecute. Rule 41(b) provides that a defendant may move to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *see also Ball v. City of Chicago*, 2 F.3d 752, 753, 758–60 (7th Cir. 1993). "The sanction of dismissal is the most severe sanction that a court may apply, and its use must be tempered by a *careful* exercise of judicial discretion." *McMahan v. Deutsche Bank AG*, 892 F.3d 926, 931 (7th Cir. 2018) (quoting *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)). As

4

a result, the Seventh Circuit Court of Appeals has directed district courts to consider the following six factors when considering a Rule 41(b) motion:

> [T]he frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel, the effect of those failures on the judge's calendar and time, the prejudice if any to the defendant caused by the plaintiff's dilatory conduct, the probable merits of the suit, and the consequences of dismissal for the social objectives of the type of litigation that the suit represents.

*Id.* at 931–32 (quoting *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003)).

First, the Plaintiff's failure to comply with deadlines for prosecution of the suit has been both frequent and significant. As detailed above, he failed to respond to many discovery requests and motions to compel. He failed to attend the October 17, 2023 status conference. Further, the Court gave the Plaintiff sixty days to notify the Court of his new address. The Plaintiff provided an updated address, ECF No. 99, but later orders and motions sent to this address were returned as undeliverable, ECF No. 102. As courts routinely observe, "[t]he demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit." *Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006) (quotation marks and citation omitted). "Litigants, including prisoners, bear the burden of filing notice of a change of address." *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) (cleaned up). And the Plaintiff has failed to comply with the responsive deadlines for the pending motions to dismiss. The Court has given the Plaintiff every benefit of the doubt and delayed ruling on these motions to give the Plaintiff sufficient time to participate in this litigation that he instigated. He has failed to do so. The Court finds, based on its experience and the facts here, that this single factor greatly outweighs any probable merits of the suit and the consequences of dismissal.

Second, the responsibility for these mistakes is solely attributable to the Plaintiff because he is proceeding without counsel. Pro se parties must follow court rules and directives. *McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012) (citing cases). Further, even as a pro se party, he still must keep the Court and opposing counsel advised of his current address. *See Robey v. Weaver Popcorn Co., Inc.*, No. 1:16-CV-281, 2018 WL 1054156, at *1 (N.D. Ind. Feb. 26, 2018) ("It is the plaintiff's responsibility to keep the Court appraised of any change of address.") (cleaned up). The delays are solely attributable to the Plaintiff.[2]

Third, the Plaintiff's failure to prosecute the case has impacted the Court's calendar. *See Massey v. Alberson*, No. 1:16-CV-136, 2019 WL 176821, *2 (N.D. Ind. Jan. 11, 2019) ("The Plaintiff has failed to act . . . and his cumulative failures impact the Court's calendar and prejudice other litigants."). The Plaintiff failed to attend the October 17, 2023 status conference. The Plaintiff's failure to respond to the first motion to dismiss for lack of prosecution resulted in the Court reviewing the status of the case and issuing a final warning to the Plaintiff. *See* Op. & Order, ECF No. 100. The Plaintiff's failures required additional orders by the Court and settings on the Court's calendar and has delayed the progression of this case.

Fourth, the Plaintiff's inaction has prejudiced the Defendants. The Plaintiff's failure to produce documents in discovery prejudices the Defendants' ability to defend this case. *See Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 666 (7th Cir. 2006) (concluding that district court did not abuse its discretion in dismissing lawsuit with prejudice for failing to comply with discovery deadlines). In addition, the Plaintiff's failure to appear and failure to prosecute has

---

[2] The Plaintiff was warned that the failure to prosecute this case will result in dismissal of his lawsuit. *See* Op. & Order, ECF No. 100. Nevertheless, the Plaintiff has declined to prosecute this action, did not respond to either of the motions to dismiss, and did not appear at the October 17, 2023 status hearing. The Plaintiff has even neglected to provide updated contact information, notwithstanding the previous warnings. *See* ECF No. 102.

required that the Defendants spend unnecessary time and resources for additional motion practice and hearings. Further, the Plaintiff's continued inaction and failure to update his address caused a renewed motion to dismiss for failure to prosecute—resulting in further unnecessary delay and expense to the Defendants.

Finally, as noted above, the considerations regarding whether the case carries any merit or social objective is heavily outweighed by the above factors. *See, e.g.*, *Martinez v. County of Porter*, No. 2:15-CV-35, 2016 WL 6996045, at *2 (N.D. Ind. Nov. 30, 2016) ("Lastly, whether or not the case carries any merit or social objective, such considerations are outweighed by the above factors along with plaintiffs' own abandonment of the case. The failure of plaintiffs to take any action over the past six months, even in light of a court order requiring such action, necessitates a harsh sanction."). In accordance with the Seventh Circuit's criteria for evaluating a motion to dismiss pursuant to Rule 41(b), the Court finds that the Plaintiff has abandoned his case. Dismissal with prejudice is warranted.

## CONCLUSION

For these reasons, the Court MERGES Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) [ECF No. 98] into Defendants' Renewed Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) [ECF No. 101] for ruling. The Court hereby GRANTS the Defendants' Renewed Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) [ECF No. 101]. The Court ORDERS that the Plaintiff's Complaint is DISMISSED with prejudice.

SO ORDERED on April 1, 2024.

                                                s/ Theresa L. Springmann
                                                JUDGE THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT