UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL ALLEN HUFF,<br><br>  Plaintiff,<br><br>  v.<br><br>LOTT, et al.,<br><br>  Defendants. | CAUSE NO.: 3:21-CV-503-TLS |

OPINION AND ORDER

Michael Allen Huff, a prisoner without a lawyer, filed a "Motion to Correct Error" in this closed case. ECF No. 114. Because Huff is representing himself and because the motion was filed more than 28 days after the entry of judgment, the court will construe it as one brought pursuant to Federal Rule of Civil Procedure 60(b). *See Banks v. Chi. Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014). Rule 60 authorizes a court to relieve a party from a final judgment based on: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The last section is known as the "catchall provision" under which the Supreme Court has "consistently held that only 'extraordinary circumstances' can justify relief." *BLOM Bank SAL v. Honickman*, 605 U.S. —, —, 145 S. Ct. 1612, 1617 (2025).

As relevant background information, Huff previously filed a letter (ECF No. 108) seeking to reopen the case, which the Court also construed as a Rule 60 motion and denied. ECF No. 112. As noted in that order, "[t]he case was dismissed on April 1, 2024, pursuant to Federal Rule

of Civil Procedure 41(b) because Huff's 'failure to comply with deadlines for prosecution of the suit [was] both frequent and significant.'" *Id*. at 2 (quoting ECF No. 103 at 5).[1] The Court found that neither mistake nor excusable neglect was a proper basis for relief under Rule 60(b)(1); although Huff argued that the Court and the Defendants ignored his requests beginning in 2023, the record clearly disputed that assertion. *Id*. at 2–4. The Court also noted that, after the discovery period ended, Huff ultimately failed to respond to the Defendants' motions to dismiss and the Court's subsequent orders, which resulted in the Court deeming the action abandoned. *See id*. at. 3 (citing ECF Nos. 98, 100, 103). Huff didn't file his letter asking that the case be reopened until more than six months later—only after he had been reincarcerated. *Id*. The Court concluded he had "shown neither mistake nor excusable neglect, [so] the extraordinary remedy of reopening the case is not warranted here." *Id*. at 4 (citing *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005)).

Huff's current motion was filed nearly eight months after the amended judgment was entered. It rehashes previous arguments discussed and disposed of. For example, Huff doubles-down on his assertion that officials at the Indiana Department of Correction were "constantly interfering with [his] legal mail" (ECF No. 114 at 2), but the record shows he was able to remain in "constant communication" with the court throughout 2023. ECF No. 112 at 2–3. He laments that an alleged change of address notice was intentionally not docketed or updated in September of 2023, but, even if true—a contention with which the Court disagrees—a subsequent change of address *was* entered on December 18, 2023 (ECF No. 99),[2] well before the dismissal of this case,

---

[1] The Court's dismissal order detailed the litigation history of the case and concluded dismissal with prejudice was warranted. *See generally* ECF No. 103.
[2] Huff argues that he dated his change of address letter December 13, 2023, and should have received the benefit of the prison mailbox rule; however, the address he provided and sent the letter from was a private residence, so he was not—and is not—entitled to that benefit.

so he was not prejudiced by the alleged omission. In any event, Huff claims all that background information is "irrelevant to this motion" (ECF 114 at 4), because—in his view—the dismissal was solely based on the Defendants' December 18, 2023 motion and the events that followed.

During that timeframe, the Defendants filed a motion to dismiss for lack of prosecution on December 18, 2023. ECF No. 98. That same day, Huff's notice of change of address to 5855 N. 575 W. Winamac, IN 46996 was received by the Clerk and docketed. ECF 99. The Court took the motion to dismiss under advisement, extended the deadline for Huff to respond to respond to January 31, 2024, cautioned Huff that failure to respond by the deadline would result in dismissal, and directed the Clerk to send a copy of the Defendants' motion and the Court's order to the new address via certified mail. ECF 100.[3] After the deadline passed without a response, the Defendants renewed their motion to dismiss. ECF 101. On February 16, 2024, the certified mail the Clerk had sent to Huff's new address—which included the motion to dismiss and the Court's order—was returned as "unclaimed." ECF 102. After waiting one additional month beyond the extended response deadline, the Court dismissed this case on April 1, 2024. *See generally* ECF 103. In that order, the Court again discussed the procedural history of the case (*id*. at 1–4), analyzed the appropriateness of dismissal pursuant to Federal Rule of Civil Procedure 41(b) according to the six factors described in *McMahan v. Deutsche Bank AG*, 892 F.3d 926, 931 (7th Cir. 2018), in light of that history (*id*. at 4–7), and concluded that dismissal with prejudice was warranted (*id*. at 7). The order as well as the judgment and amended judgment were sent to Huff's new address via certified mail. *See* ECF Nos. 103, 104, 105. Proof of service was returned executed as to the dismissal order and original judgment (ECF No. 106), but the amended judgment was returned as undeliverable and marked "ref[used]" (ECF No. 107).

---

[3] The order also set forth the relevant procedural history of the case in detail. *See* ECF No. 100 at 1–3.

On October 15, 2024, the Court received a letter from Huff dated October 9, 2024, indicating that although he had been released, he was now "back in my county jail." ECF No. 108 at 1. This was the first communication the court had received from Huff in almost ten months—and it was dated over six months after the case was dismissed. In it, he accused the Court of "conspiring with the defendants to get my case dismissed," and he suggested the case should be reopened. ECF No. 108 at 1. The Court denied the request as outlined above because Huff had not shown reopening the case was warranted. *See generally* ECF No. 112.

Huff continues to disagree. He argues, "Plaintiff's failure to respond to <u>unknown</u> motion, by <u>unknown</u> deadline, because this court failed to deliver its order to Plaintiff's verified address, is something out of Plaintiff's control, and therefore, by far falls under the relm (sic) of 'excusable neglect.'" ECF No. 114 at 5. He insists the Court has had his personal phone number since December 202, "and never once has this court, or defense counsel attempted to call him." *Id*. at 6.

Neglect has been defined expansively to include negligence. *Moje v. Fed. Hockey League, LLC*, 792 F.3d 756, 758–59 (7th Cir. 2015). With regard to whether the neglect is excusable:

> [T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id*. at 759 (quoting *Pioneer Inv. Services Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993)).

Here, although Huff attempts to gloss over much of the prior litigation history described above, that history shows a frequent and significant failure to comply with deadlines and

prosecution of the suit overall. Such consistent disregard "can *only* be classified as inexcusable inattentiveness or neglect, rather than excusable carelessness." *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) (emphasis added); *see also* ECF No. 103 at 5–7. He specifically asserts that his failure to respond to the show cause orders prior to dismissal was excusable; however, looking at the *Pioneer* factors, the Court cannot agree.

First, the reason for the delay was because Huff provided an address at which he did not receive mail sent by the court. As courts routinely observe, "[t]he demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit." *Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006) (cleaned up). "Litigants, including prisoners, bear the burden of filing notice of a change of address." *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) (cleaned up). Huff blames the Court for the delivery failure, but that contention is flatly contradicted by the record. Orders were sent via certified mail to the address provided by Huff but were returned as "unclaimed." *See* ECF No. 102. Subsequently, the dismissal order and judgment were sent to that same address via certified mail and were received and signed for on April 15, 2024, by Huff's "agent" Kimberly Wrench. *See* ECF No. 106. The amended judgment—which was also sent via certified mail to that address—was returned as "refused." *See* ECF No. 107. The fact that Huff's mail was either unclaimed, refused, or allegedly not given to him by individuals at the address he provided is not a failure on the Court's part. Rather, it was within Huff's reasonable control to designate a delivery location where standard methods of mail were able to reach him.

Next, the length of the delay also weighs against excusable neglect. Prior to the change of address received on December 18, 2023, Huff's last communication with the Court was a motion sent in early June 2023 asking to extend the discovery period. ECF No. 90. The motion was

denied on June 14, 2023. ECF No. 91. That order was not returned, and there is no indication Huff did not receive it—thus, he knew the discovery period was concluding and that the case would be moving towards the next phase. Yet, he had *zero* communication with the Court for nearly ten months following his notice of change of address, and he only reached out *after* he had returned to jail.[4] This timeline shows "inexcusable inattentiveness or neglect, rather than excusable carelessness." *Easley*, 382 F.3d at 698 (*citing Bohlin Co. v. Banning Co.,* 6 F.3d 350, 357 (5th Cir. 1993) ("A party has a duty of diligence to inquire about the status of a case.")).[5]

Additionally, the delay has had an impact on potential judicial proceedings. For starters, the Court delayed ruling on the defendants' motions to dismiss to give Huff "sufficient time to participate in this litigation that he instigated." ECF No. 103 at 5. When he did not do so, the cumulative failures impacted the Court's calendar. *See id*. at 6. And, considering the case was closed for nearly eight months before Huff filed the instant motion, many other proceedings have been scheduled in its place. Reopening the case now would have an even greater impact on potential judicial proceedings.

The danger of prejudice to the Defendants is significant for similar reasons. As noted in the dismissal order, Huff's "failure to prosecute has required that the Defendants spend unnecessary time and resources for additional motion practice and hearings. Further, the Plaintiff's continued inaction and failure to update his address caused a renewed motion to dismiss for failure to prosecute—resulting in further unnecessary delay and expense to the Defendants." ECF No. 103 at 6–7. Requiring the Defendants to re-invest in litigation terminated

---

[4] Moreover, after the Court construed that initial letter as a Rule 60 motion and denied it on October 24, 2024 (ECF No. 112), Huff waited almost an entire month before filing the instant motion.
[5] As far as timing goes, all Rule 60 motions must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1); *see also Kemp v. United States*, 596 U.S. 528, 533 (2022). For the reasons explained, Huff's motion was not made within a reasonable time.

in their favor nearly eight months before Huff filed his current motion would undoubtedly require additional expenses, resources, and time, resulting in prejudice to the Defendants.

Finally, the Court cannot conclude that Huff has acted in good faith. His insistence that the delays were through "no fault of his own" because the Court "failed to deliver its order to Plaintiff's verified address" (ECF No. 114 at 5–6) rings hollow considering the totality of the circumstances described above. He argues that excusable neglect should apply to reopen this case because the Court has had his phone number but "never once" attempted to call him. *Id*. at 6. It is not—and never has been—a court's responsibility to reach out to dilatory litigants via the telephone. This further deflection of responsibility is neither reasonable nor indicative of good faith. Overall, Huff has not shown excusable neglect or any other valid basis for reopening this case.

For these reasons, the motion to correct error (ECF No. 114) is DENIED.

SO ORDERED on August September 2, 2025.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT